IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

SUSAN SEDGWICK,

                Plaintiff,

      v.                              Civil Action No.
                                   5:03-CV-0592 (HGM/DEP)

CIRRUS DESIGN CORP., BALLISTIC RECOVERY
SYSTEMS AND WINGS ALOFT, INC.

                Defendants.
---------------------------------------------------------------------

KATHLEEN FISCHER,

                Plaintiff,

      v.                              Civil Action No.
                                   5:03-CV-0782 (HGM/DEP)

CIRRUS DESIGN CORP., BALLISTIC RECOVERY
SYSTEMS AND WINGS ALOFT, INC.

                Defendants.
---------------------------------------------------------------------

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFFS:

KREINDLER, KREINDLER LAW FIRM   FRANCIS G. FLEMING, ESQ.
For Plaintiff Susan Sedgwick
100 Park Avenue
New York, NY 10017

CHERUNDOLO, BOTTAR LAW FIRM         JOHN C. CHERUNDOLO, ESQ.
For Plaintiff Kathleen Fischer
407 South Warren Street
Syracuse, NY 13202-1316

FOR DEFENDANTS:

HERRICK, FEINSTEIN LAW FIRM         PATRICK E. BRADLEY, ESQ.
For Defendant Cirrus Design Corp.
2 Park Avenue
New York, NY 10016

HANCOCK LAW FIRM                    JOHN L. MURAD, ESQ
1500 MONY Tower I                   ERIC C. NORDBY, ESQ.
P.O. Box 4976                       ASHLEY HAYES, ESQ.
Syracuse, NY 13221-4976

SUGARMAN, WALLACE LAW FIRM          PAUL V. MULLIN, ESQ.
For Defendant Ballistic Recovery    KEVIN T. HUNT, ESQ.
360 South Warren Street
HSBC Center
Syracuse, NY 13202

MASLON, EDELMAN LAW FIRM            MARK W. LEE, ESQ.
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

BIEDERMAN, HOENIG LAW FIRM          EUGENE MASSAMILLO, ESQ.
For Defendant Wings Aloft, Inc.
90 Park Avenue
New York, NY 10016

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Cirrus Design Corporation ("Cirrus"), a defendant in each of these

two separate but related cases, has moved seeking enforcement of protective orders entered in both cases, on stipulation, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  *See Fischer v. Cirrus Design Corp., et al.*, Civil Action No. 5:03-CV-782 (HGM/DEP), Dkt. No. 23; *Sedgwick v. Cirrus Design Corp.*, Civil Action No. 5:03-CV-0592 (HGM/DEP), Dkt. No. 28.  Specifically, defendant Cirrus seeks a determination that two documents supplied during the course of pretrial discovery to plaintiffs' counsel in both actions, and designated as confidential under the terms of the protective order, should remain confidential.  The materials in issue consist of a report entitled "SR20 Project Final Spin Investigation Report," indexed as Nos. CD 006377-CD 006404, and a document entitled "Cirrus JAA presentation - agenda," Nos. CD 011506-CD 011507.  Plaintiffs in both of these cases have opposed Cirrus's motion, and seek permission to publicly disclose the disputed documents.

Oral argument was conducted with regard to the matter on March 23, 2005.  At the close of that hearing, I issued a bench decision granting defendant's motion.

Based upon the foregoing and the court's oral decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1) The motion of defendant Cirrus, which is construed as an application for a determination that the disputed documents fall within the ambit of the protective orders entered in this case as confidential documents, as defined in those orders, is GRANTED, the court finding that Cirrus has sustained its burden of establishing that fact in accordance with paragraphs two and ten of the governing confidentiality orders.

2) To the extent that plaintiffs' opposition to Cirrus's application may be construed as seeking relief from the protective order to permit their disclosure of otherwise protected documents, that motion is DENIED, the court finding neither that the protective orders were improvidently entered nor that there are extraordinary circumstances or compelling need for the disclosure proposed by the plaintiffs.

3) This ruling is without prejudice to the right of plaintiffs or any party permitted to intervene to seek release of the disputed documents in the event that they are utilized by the parties in submissions to the court, and relied upon in any way by the court and/or a jury in deciding issues regarding the merits of the case.

4) The briefs submitted by defendant Cirrus, as well as the accompanying materials, docketed in *Sedgwick v. Cirrus Design*

*Corporation, et al.*, Civil Action No. 5:03-CV-0592 (HGM/DEP), as Dkt. Nos. 41, 42, 43, 44, 45 and 50, as well as the transcript of the proceedings conducted on March 23, 2005, are hereby sealed.

5) The clerk is directed to promptly forward copies of this order for counsel to all parties in these two actions electronically.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   April 7, 2005
         Syracuse, NY