IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

KATHLEEN FISCHER,

Plaintiff,

v.                                                    Civil Action No.
                                                      5:03-CV-0782 (HGM/DEP)

CIRRUS DESIGN CORP., BALLISTIC RECOVERY
SYSTEMS AND WINGS ALOFT, INC.

Defendants.

-----------------------------------------------------------------

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

CHERUNDOLO, BOTTAR LAW FIRM    JOHN C. CHERUNDOLO, ESQ.
407 South Warren Street
Syracuse, NY 13202-1316

FOR DEFENDANTS:

HERRICK, FEINSTEIN LAW FIRM     PATRICK E. BRADLEY, ESQ.
For Defendant Cirrus Design Corp.
2 Park Avenue
New York, NY 10016

HANCOCK LAW FIRM                JOHN L. MURAD, ESQ
For Defendant Cirrus Design Corp.   ERIC C. NORDBY, ESQ.
1500 MONY Tower I                ASHLEY HAYES, ESQ.
P.O. Box 4976
Syracuse, NY 13221-4976

SUGARMAN, WALLACE LAW FIRM    PAUL V. MULLIN, ESQ.
For Defendant Ballistic Recovery    KEVIN T. HUNT, ESQ.
360 South Warren Street

HSBC Center
Syracuse, NY 13202

MASLON, EDELMAN LAW FIRM          MARK W. LEE, ESQ.
For Defendant Ballistic Recovery
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

BIEDERMAN, HOENIG LAW FIRM        EUGENE MASSAMILLO, ESQ.
For Defendant Wings Aloft, Inc.
90 Park Avenue
New York, NY 10016

FOR NON-PARTY FAA:

HON. GLENN T. SUDDABY            WILLIAM H. PEASE, ESQ.
United States Attorney           Assistant U.S. Attorney
Northern District of New York
100 S. Clinton Street
P.O. Box 7198
Syracuse, New York   13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

The plaintiff in this action, which was commenced to recover

wrongful death and survival damages based upon a fatal airplane crash,

seeks information from the Federal Aviation Administration ("FAA") related

to the agency's certification of the aircraft model involved in the accident.

Having been frustrated in her efforts to obtain the requested documents

from the agency, initially utilizing channels provided under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, and later resorting to the issuance of a subpoena to that agency, plaintiff now elicits the assistance of the court seeking, in two separate but interrelated motions, an order compelling defendant Cirrus Design Corp. ("Cirrus"), the manufacturer of the subject aircraft, to provide an authorization for the release of the requested materials, and an order enforcing her subpoena to the FAA requesting the documents at issue.  Plaintiff's motions are opposed by both Cirrus and, to the extent of the application seeking enforcement of the subpoena issued by the plaintiff, the FAA.

Having reviewed the matter carefully, in the light of arguments of the parties, I find that the agency's refusal to provide the requested documents pursuant to a subpoena properly issued in connection with this suit constitutes a final agency action which is subject to judicial review.  I further find that the agency's blanket refusal to honor the subpoena, and to produce allegedly trade secret information to the plaintiff, was arbitrary and capricious, particularly in view of the existence of a protective order, previously entered in this action, which would provide adequate protection to the confidentiality and integrity of the requested records.

I.    <u>BACKGROUND</u>

This action stems from a fatal airplane crash which occurred on April

3

24, 2002 in the vicinity of Parish, New York.  Plaintiff's husband, Joseph

C. Fischer, was an occupant of the downed aircraft, a Cirrus SR-22, and

perished in the accident.  One of the principal features of the Cirrus SR-22

aircraft was the inclusion of a Cirrus Airframe Parachute System ("CAPS

recovery system") designed and manufactured by defendant Ballistic

Recovery Systems, Inc.  The CAPS recovery system was intended to

protect against injury or death in the event of an in-flight emergency, upon

deployment, allowing a distressed aircraft to settle safely to the ground.

Plaintiff maintains that the fatal accident in issue was caused by a

combination of an unrecoverable spin, resulting from the dangerous

stability, handling, stall and spin characteristics of the SR-22 aircraft,

coupled with the failure of the CAPS recovery system to deploy as

contemplated.

     The SR-22 as well as its predecessor, the SR-20, were evaluated by

the FAA as part of a certification process.  In the course of that process,

Cirrus provided the FAA with relevant documents pertaining to the design

and evaluation of those aircraft.  As a result of its review the agency

issued Equivalent Level of Safety ("ELOS") certifications for both models.

     On December 21, 2004 plaintiff's counsel made a written FOIA

request to the FAA for access to all materials related to the evaluation of

the SR-20 and SR-22 aircrafts.   Plaintiff's Memorandum (Dkt. No. 46)

Exh. B.  After initially acknowledging receipt of the FOIA request, *see id.*

Exh. C, by letter dated March 30, 2005 the agency notified counsel that it

was processing the application, estimating the expense of its search for

the requested documents at $4750, and requesting advance payment of

one-half of that amount within twenty days.  *Id.*  Exh. D.  That response

also advised of the possibility that certain records deemed to be

confidential materials submitted to the agency by Cirrus could be withheld

on the basis of 49 C.F.R. § 7.13(c)(4).[1]

In an effort to eliminate the potential for invocation of Exemption 4,

plaintiff's counsel wrote to the attorney for Cirrus on April 11, 2005,

requesting that it authorize the FAA's disclosure of such trade secret or

confidential materials, subject to the protections of the confidentiality

agreement entered in this action.  Plaintiff's Memorandum (Dkt. No. 46)

Exh. E.  Responding to that request, on April 22, 2005 Cirrus's counsel

sent a letter to plaintiff's attorney declining to provide the requested

authorization for release by the FAA of confidential materials.  *Id.* Exh. G.

---

[1]   That regulation provides, in pertinent part, that "[e]xempted from FOIA's statutory disclosure requirement are matters that are . . . (4) Trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]"  49 C.F.R. § 7.13(c)(4).  That exemption will be referred to throughout this decision as "Exemption 4".

Pending resolution of the authorization issue between the parties, by letter dated April 18, 2005, plaintiff requested that the agency place her FOIA request on hold, or "status 'Pending'".  United States Memorandum (Dkt. No. 62) Exh. C.  Notwithstanding that request, the FAA notified the plaintiff on August 3, 2005 that in the absence of a response to the agency's earlier letter, requesting partial payment for expenses associated with responding to the FOIA request, it would be cancelled; based upon plaintiff's failure to respond to that letter, the agency has apparently treated plaintiff's FOIA request as abandoned.[2]  *See* United States Memorandum (Dkt. No. 62) Exh. D.

On August 18, 2005 plaintiff issued a subpoena duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure, in the context of this litigation, and subsequently served that subpoena upon the FAA. United States Memorandum (Dkt. No. 62) Exh. E.  That subpoena required production, *inter alia*, of "[a]ll records submitted to the [FAA] with respect to Cirrus Design Corporation, Ballistic Recovery System and Wings Aloft pertaining to the evaluation, certification, testing, [and] any and all communications pertaining to the SR20 and SR22 aircrafts."  *Id.*

---

[2]      During oral argument the FAA offered to reinstate plaintiff's FOIA request and to go forward with the requested search, conditioned upon plaintiff's agreement to defray the expenses associated with that endeavor.

In response to the subpoena Mark A. Tomicich, identified as a trial attorney with the United States Department of Transportation, Federal Aviation Administration, wrote to plaintiff's counsel on September 6, 2005, pointing out that the subpoena was duplicative and cumulative of plaintiff's FOIA request, and additionally objecting to the subpoena on a variety of grounds including the fact that it could require the production of trade secrets or other proprietary information or data.[3]  Plaintiff's Motion (Dkt. No. 59) Exh. C.

II.   PROCEDURAL HISTORY

On June 29, 2005, with court permission, plaintiff moved seeking an order compelling Cirrus to submit a written release authorizing the FAA to disclose, subject to the confidentiality order in this action, any documents responsive to plaintiff's FOIA request which might otherwise be protectable under Exemption 4.  Dkt. No. 46.  That motion was opposed by submission filed by Cirrus on July 25, 2005.  Dkt. No 49.

Following the issuance of and non-compliance with her subpoena to the FAA, plaintiff moved on October 17, 2005, again with court

---

[3]      While in his letter FAA Attorney Tomicich referred to plaintiff's FOIA request as "pending", as can be seen from the chronology set out above that statement was not accurate, since the agency considered the FOIA request to have been cancelled as of August 17, 2005.  *See* United States Memorandum (Dkt. No. 62) Exh. D.

permission, to compel the agency's compliance with that subpoena.  Dkt. No. 59.  That motion has been opposed both by Cirrus, in papers filed with the court on November 3, 2005, Dkt. Nos. 62, 63, and by the United States, acting on behalf of the FAA, on November 10, 2005, Dkt. No. 66. With the filing of a reply on behalf of the plaintiff on November 10, 2005, Dkt. No. 66, and oral argument having been conducted on November 16, 2005, these two motions are now ripe for determination.

III.   DISCUSSION

    A.   FAA Regulations Regarding Access to Agency Records

The FAA is a federal agency which operates under the umbrella of the United States Department of Transportation ("DOT").  Pursuant to the Federal Housekeeping Statute, 5 U.S.C. § 301, which authorizes governmental agencies to adopt regulations regarding record retention and production, the DOT has established and implemented regulations governing such matters.  *See* 14 C.F.R. Pt. 185; 49 C.F.R. Parts 7 & 9.[4] Those regulations include provisions related to the availability of agency records under FOIA, *see* 49 C.F.R. Pt. 7, Subpt. C, and in turn specify the

---

[4]   The Federal Housekeeping Statute was enacted in response to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416 (1951), to "adopt regulations regarding 'the custody, use, and preservation of [agency] records, papers and property.'"  *United States Environmental Protection Agency v. General Elec. Co.*, 197 F.3d 592, 595 (2d Cir. 1999) (quoting 5 U.S.C. § 301), *modified*, 212 F.3d 689 (2d Cir. 2000).

procedure for making FOIA requests to the agency, 49 C.F.R. § 7.14, as well as listing various exemptions from disclosure under FOIA, 49 C.F.R. § 7.13(c).  The regulations also provide a mechanism for notifying submitters of confidential information of the fact that such materials have been requested under FOIA, and for allowing such a submitter an opportunity to be heard regarding the prospect of disclosure of such sensitive information.  49 C.F.R. § 7.17.

In addition to detailing the procedures to be followed under FOIA, the agency's regulations also address the production of documents in response to subpoenas issued in the context of legal proceedings involving private litigants.  49 C.F.R. § 9.13.  According to those agency's regulations, such a request "will ordinarily be handled in accordance with the Department's procedures concerning requests for records found at 49 CFR part 7 [related to FOIA requests]."  49 C.F.R. § 9.13.

    B.    Sovereign Immunity

Plaintiff's application for enforcement of her subpoena to the FAA implicates the sovereign immunity to which, as a federal agency, the FAA is entitled absent a finding of express waiver.  *See Army & Air Force Exchange Serv. v. Sheehan*, 456 U.S. 728, 733-34, 102 S. Ct. 2118, 2122 (1982).  As a proceeding brought against the sovereign "to restrain the

9

government from acting, or to compel it to act", *Dugan v. Rank*, 372 U.S. 609, 620, 83 S. Ct. 999, 1006 (1963) (citations and internal quotation marks omitted), this enforcement application triggers the protections associated with sovereign immunity, and is therefore barred absent such a waiver. *General Electric*, 197 F.3d at 597.

The Second Circuit has noted that the only waiver provision which could apply in the case of judicial enforcement of a subpoena issued to a federal agency is found in the Administrative Procedure Act ("APA"), 5 U.S.C. § 703 *et seq.   General Electric,* 197 F.3d at 598.  Noting that the APA "specifically allows final agency actions to be reviewed by federal courts" in the face of a claim "'that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority,'" the Second Circuit in *General Electric* found that an agency determination not to honor a subpoena is reviewable under the APA.  *Id.* at 598 (quoting 5 U.S.C. § 702).

C.    Scope of APA Review

The question of the appropriate standard to be applied under the APA in a case of this nature is at least modestly controversial.  5 U.S.C. § 706(2)(A), which is referenced in the Second Circuit's initial decision in *General Electric*, provides that an agency action may be set aside if found

to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  5 U.S.C. § 706(2)(A); *see General Electric*, 197 F.3d at 599.  That portion of the court's opinion in *General Electric* which addressed the appropriate standard to be applied in the circumstances now presented,  however, was later withdrawn, the court instead noting that because the issue was not addressed and determined by the district court or argued before the Second Circuit, it should not have been decided by that court.  *General Electric*, 212 F.3d at 690.  Other courts which have confronted similar challenges to agency refusals to honor subpoenas have applied the familiar arbitrary and capricious, or contrary to law, APA standard.  *See*, *e.g.*, *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999).

Because I find that even under this significantly deferential standard the agency's refusal to honor the subpoena issued cannot pass muster, I find it unnecessary to resolve this issue and determine whether a more relaxed burden should apply.

D.    Final Agency Action

As a threshold matter, the court must determine whether the agency's response to the subpoena constitutes a "final agency action." On this issue the parties are in sharp disagreement.  In their oppositions

11

to the motion, both Cirrus and the government urge the court not to enter the fray at this juncture, asserting that judicial intervention is premature until such time as plaintiff has fully complied with the regulations related to FOIA requests and a firm determination has been made as to what, if any, documents will be produced by the agency.

For APA purposes, an agency action is "final" if it represents the culmination of the decision-making process and produces a determination with a "direct and immediate" impact upon the aggrieved party; an action which lacks finality and reflects ongoing contemplation cannot be characterized as final under this standard. *Franklin v. Massachusetts*, 505 U.S. 788, 796-97, 112 S. Ct. 2767, 2773 (1992) (citations omitted); *see also Capital Network Sys., Inc. v. FCC*, 3 F.3d 1526, 1530 (D.C. Cir. 1993) (agency action is final if it represents the "terminal, complete resolution" of a matter before an agency and determines rights and obligations of the parties) (citations and internal quotation marks omitted).

Applying this standard one could argue, particularly since the record has not been fully developed to a point where the agency has made a concrete determination regarding which, if any, documents are to be withheld, that the FAA's refusal to honor plaintiff's subpoena is not yet "final."  Nonetheless, it is clear, based upon the presentations of both

Cirrus and the FAA, that at least some documents will ultimately be withheld by the FAA from disclosure pursuant to the subpoena, under claim of Exemption 4, notwithstanding the existence of a protective order in this case to which those materials would be subject.  Accordingly, I find no useful purpose to be served in deferring a ruling in this matter, which would seemingly achieve no end other than to postpone the inevitable.

The conclusion that this matter is presently ripe for determination by the court finds support in the agency's response to plaintiff's subpoena itself.  In a succinct letter from a person with apparent authority to represent the agency, the FAA has responded to plaintiff's subpoena by stating simply that it objects to the subpoena on various bases, including but not limited to Exemption 4, without producing so much as a single document within its scope.  This response, which is the functional equivalent of a determination not to comply, in my view represents a final agency determination.  *COMSAT Corp.*, 190 F.3d at 274 ("Prior to the return date for the document subpoenas, [the agency's] general counsel advised [plaintiff] in writing that the agency would not produce the materials demanded.  This was a final agency action that is ripe for . . . review under the APA.").  *See also Bennett v. Spear*, 520 U.S. 154, 177-78, 117 S. Ct. 1154, 1168-69 (1997) (an agency action is final when it

signals the consummation of a decision making process and gives rise to legal rights or consequences).

     E.    <u>APA Review of the FAA's Response</u>

     The most potentially appealing argument made by Cirrus in support of the FAA's refusal to turn over documents otherwise protected by Exemption 4 is based upon its concern over the consequences which will result from that act.  Cirrus argues that once documents otherwise entitled to protection under that exemption are released to the plaintiff, even with authorization from Cirrus and subject to the protective order entered in this litigation, they will forever lose the protection afforded under Exemption 4 and therefore be available under FOIA to members of the general public, including Cirrus's competitors.[5]

     While acknowledging that there are no cases directly requiring such consequences under the circumstances now presented, where the disputed materials would be produced pursuant to subpoena, as distinct from a FOIA request, Cirrus points to the agency's regulations, arguing that under them any subpoena requesting documents must be treated as a FOIA request.[6]  And, since under FOIA the public's right to know is

---

     [5]    The government did not stake out a position on this issue, either in its papers or at oral argument.

     [6]    The actual text of the governing regulation does not support this assertion; instead, the regulation simply provides that subpoenas requesting

paramount, and any responses to FOIA requests must be made without regard to the specific characteristics of the requesting party, *see United Techs. Corp. v. Federal Aviation Administration*, 102 F.3d 688, 690 (2d Cir. 1996), *cert. denied*, 521 U.S. 1103, 117 S. Ct. 2479 (1997), Cirrus argues that disclosure of documents otherwise protected by Exemption 4 to one party would make them available to all.[7]  In support of this argument, Cirrus cites *United Technologies Corp. v. Federal Aviation Administration*, 102 F.3d 688 (2d Cir. 1996) and *Herrick v. Garvey*, 298 F.3d 1184 (10th Cir. 2002).

The Tenth Circuit's determination in *Herrick* is inapposite, and does not support Cirrus's argument in this regard.  In that case the court merely found that where the material otherwise subject to Exemption 4 protection is released *to the public* through authorization given by the submitter, it is no longer secret and thus not subject to Exemption 4.  *See* 298 F.3d at 1193-94 ("We therefore conclude that where the submitter or owner of

---

documents should be *ordinarily* handled in accordance with the agency's *procedures* concerning such requests.  *See* 49 C.F.R. § 913(a).

[7]       Enacted in 1966, FOIA was intended to provide the public at large with the right of access to the federal agency records, subject to certain specified exemptions.  *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002).  The purpose of that enactment was "'to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.'"  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 941 (10th Cir. 1990) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 91 S. Ct. 2311, 2327 (1978)).

documents held by the government grants the government permission to loan or release those documents *to the public*, those documents are no longer 'secret' for purposes of Exemption 4" (emphasis supplied)).  The court went on to note, curiously though significantly, that once authorization to release Exemption 4 materials is granted, it could nonetheless be later rescinded, therefore restoring materials to Exemption 4 status.[8]  *Herrick*, 298 F.3d at 1194.

For similar reasons Cirrus can draw no comfort from the Second Circuit's decision in *United Technologies Corporation*.  Under the seminal case addressing the issue, a document is confidential for purposes of exemption for if it meets the following alternative two part test:

> [C]ommercial or financial matter is "confidential" for purposes of the exemption if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained.

*United Techs. Corp.*, 102 F.3d at 692 (quoting, *inter alia*, *National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)).

---

[8]     That case is also distinguishable in that a FOIA request was made by an individual who sought information regarding a design of a particular aircraft for his own personal purposes, and not in conjunction with litigation and through a subpoena lawfully issued in the context of that litigation.

16

Applying these principles, the court in *United Technologies Corporation*
concluded Exemption 4 "covers information that is not merely confidential
as to the requester, but confidential as to the general public."  102 F.3d at
690.  The court thus concluded that

> [i]t is a basic principle under FOIA that the
> individuating circumstances of a requester are not
> to be considered in deciding whether a particular
> document should be disclosed.  All requesters are
> considered to have equal rights of access.

*Id.* at 690-91 (*citing NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 143
n.10, 95 S. Ct. 1504, 1513 n.10 (1975)).  Accordingly, the court concluded
that "[t]he Act's sole concern is with what must be made public or not
made public."  *Id.* at 691 (citing and quoting Kenneth Culp Davis, The
Information Act: A Preliminary Analysis, 34 U. Chi. L. Rev. 761, 765
(1967)).

I find no quarrel with these uncontroversial principles.  They have
been formulated and applied, however, in the context of FOIA.  The
appropriate inquiry in a case such as this, where a private litigant has
issued a subpoena requesting documents, is not upon whether the
documents sought should be made public, but instead whether they are
relevant to, and producible in connection with, claims in litigation between
private parties.  The court's focus in such a case is therefore appropriately

upon the individual circumstances of the requester, without regard for the interests of the public at large.

As can be seen, the fallacy of Cirrus's argument stems from the fact that while she initially sought the requested information through FOIA, the plaintiff, as a litigant in this case has since issued a subpoena requesting discovery from the agency, as a third party, of the requested documents. While FOIA is not designed as a discovery device, instead representing a compromise between interests of the government and the public's right of access to information and materials utilized by governmental agencies in performing their functions, *Robbins Tire*, 437 U.S. at 242, 91 S. Ct. at 2327, a subpoena issued in a private litigation is such a discovery device, Fed. R. Civ. P. 45.  *See Baldrige v. Shapiro*, 455 U.S. 345, 360 n. 14, 102 S. Ct. 1103, 1112 n. 14 (1982) ("The primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery.") Though the FAA's regulations may prescribe that the procedures associated with FOIA requests are to be made applicable to subpoenas, they cannot override the legitimate interests of the court and litigants in a dispute between private parties in obtaining discovery from appropriate sources.

In this instance a valid subpoena has been issued to the agency for

documents which I find to be potentially relevant to the claims and defenses in this action.  Any documents falling within Exemption 4 which are ultimately produced to the plaintiffs will be subject to a protective order issued in the case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which order I intend to vigilantly police,  restricting the use of those documents to this case and prohibiting access by others, including potentially Cirrus's competitors.[9]  With the entry of a Rule 26(c) protective order in this case, which plaintiff agrees would cover any Cirrus confidential materials obtained from the FAA, any confidential or trade secret information disclosed by the agency to the plaintiffs in this case will be amply protected.  *Cf. In re Subpoena Duces Tecum Served On Bell Communications Research, Inc.*, No. MA-85, 1997 WL10919, at *3 (S.D.N.Y. Jan. 13, 1997).  Accordingly, I find no basis to conclude that any confidential documents of Cirrus will fall into the public domain through such disclosure, and thus find no impediment to enforcement of the subpoena.

In light of the foregoing, I find that the FAA's refusal to produce documents, including those which could otherwise enjoy protection under

---

[9]        Indeed, an application by Cirrus to enforce that protective order, in the face of plaintiff's request to be relieved of its requirements in order to permit public dissemination of documents received from Cirrus and alleged to reflect dangerous characteristics of the SR-22 aircraft, was granted by this court.  *See* Dkt. No. 41.

Exemption 4 of FOIA, to plaintiff in response to a lawfully issued subpoena under the circumstances now presented represented an abuse of discretion, and was contrary to law.  Plaintiff's motion to compel compliance with the subpoena will therefore be granted.

      F.    <u>Provision of the Requested Authorization</u>

In the abstract, there can be little doubt that in its capacity of overseeing discovery in this action, this court is empowered to order that a litigant execute an authorization providing for the release by an agency or third party of information and documents falling within the scope of relevance as set forth in Rule 26 of the Federal Rules of Civil Procedure. *Bank of Crete v. Koskotas*, No. 88 CIV 8412, 1989 WL 46597, at *1 (S.D.N.Y. Apr. 21, 1989).  Thus, for example, a plaintiff who has placed his or her mental or physical condition in issue can be directed by the court to execute appropriate medical authorizations providing for the release of medical records, notwithstanding the existence otherwise of a patient doctor privilege of medical records which would bear upon the condition which has been placed in issue.  *See Lopez v. Catholic Charities of the Archdiocese of New York*, No. 00CV1247, 2000 WL 1725029, at *3 (S.D.N.Y. Nov. 20, 2000).  By extension, I find that I am similarly authorized to direct defendant Cirrus to provide permission for the release

by the FAA of records, provided that I can satisfy myself of their relevance and that there would be no prejudice inuring to Cirrus, other than that inherent in having potentially damaging materials released to an adverse litigant, should I order that the requested authorization be given.

Relevance, in the context of a pending federal court action, is defined broadly; "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]"  Fed. R. Civ. P. 26(b)(1); *see Surles v. Air France*, No. 00CIV5004, 2001 WL 1142231, at 7 & n.3 (S.D.N.Y. Sept. 27, 2003).  In construing Rule 26(b) the court must honor the principle that the interests of justice, the litigants, and the public at large are best served by full disclosure and consideration by the factfinder of all relevant evidence which bears upon a controversy coming before it.  *See 535 Broadway Assocs. v. Commercial Corp. of Am.*, 159 B.R. 403, 406 (S.D.N.Y. 1993).

In this instance, during oral argument defendant Cirrus was unwilling to stake out a position whereby it would agree not to offer, at trial, the FAA's certification of the SR-22 aircraft in defense of plaintiff's claims.  Given that reluctance, the information now sought, which gave rise to or was potentially considered by the FAA during the course of the certification proceedings, is relevant to claims and defenses in the action.

Accordingly, given that I have already found no prejudice will befall Cirrus through the release by the FAA of the requested information, subject to the protections of the Rule 26(c) order in this case, I can direct that Cirrus provide the necessary requested authorization.  In light of my ruling regarding plaintiff's subpoena issued to the FAA, however, I no longer find the need to order that such an authorization be provided.

IV.   SUMMARY AND ORDER

While the court does not have the benefit of a document by document determination by the FAA in order to know what information which would otherwise be responsive to the plaintiff's subpoena is to be withheld, including under Exemption 4, the agency's response to plaintiff's subpoena makes it clear that it will invoke Exemption 4 and withhold at least a portion of the requested documents pursuant to that exclusionary provision.  Based upon this and the agency's declination to honor plaintiff's subpoena, I find that there is a final agency action which is subject to review by this court under the APA.  Applying the APA's deferential standard, I nonetheless conclude that the decision to deny access to the requested records, including those protected by Exemption 4, is in this instance arbitrary and capricious since the documents would be produced in the context of this litigation, and thus specifically subject to

a confidentiality order precluding the plaintiffs from using them outside of the context of this litigation and restricting their ability to disseminate them to others.  Finally, I conclude that while the court is empowered to require Cirrus to execute an authorization permitting the FAA to release trade secret and confidential information otherwise subject to Exemption 4 to the plaintiff, pursuant to the subpoena issued in the case, such relief is no longer required.

Based upon the foregoing it is hereby

ORDERED as follows:

1)      Plaintiff's motion for enforcement of a subpoena issued to the FAA, pursuant to the requirements of the Administrative Procedure Act, is GRANTED, conditioned upon plaintiff's payment of all reasonable expenses associated with the search for and production of documents required by the subpoena.  This determination specifically precludes withholding on the basis of Exemption 4, of documents otherwise falling within the scope of the subpoena issued to the agency, the court finding that any documents produced pursuant to the subpoena will be covered by the protective order issued in the case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  This ruling does not preclude the FAA from withholding documents falling within the scope of the subject

subpoena on other grounds including, *inter alia*, that disclosure would reveal internal agency deliberations.  Compliance with this portion of the court's order shall occur within thirty (30) days following the tender by plaintiff of at least one-half of the reasonable expenses associated with the search and production of the requested documents.

2)     Pursuant to the local rules of this court, this order is automatically stayed for a period of ten (10) business days in order to allow for any party to appeal this ruling to the assigned district judge.

3)     Plaintiff's motion for an order compelling defendant Cirrus to execute an authorization permitting disclosure by the FAA of trade secret and confidential information is DENIED as academic, in light of the foregoing rulings.

Dated:     November 23, 2005
             Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2003\03-CV-0782\dec&order.wpd